UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED SEIFELNASR and ELITE 7 INC.,

                Plaintiffs,

-against-

MEDICAD, and NYS DEPARTMENT
OF HEALTH,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2020
```

1:20-CV-5512 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff brings this *pro se* action, for which the filing fees have been paid, challenging portions of the New York State Department of Health's ("DOH") Medicaid regulations. The Court dismisses the action for the reasons set forth below, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ahmed Seifelnasr uses the Court's general complaint form and invokes the Court's federal question jurisdiction. The complaint is not a model of clarity, and it is unclear what Defendant did or failed to do that purportedly violated Plaintiff's federal rights.

Plaintiff attaches 26 pages of documents alleging facts dating back to 2002. It appears that, since 2017 or 2018, Plaintiff owned and operated a medical transport business, Elite 7, licensed to provide non-emergency transportation to Medicaid recipients. (ECF No. 2, at 10.) He describes both the creation of his business and various details about his clients. (*Id.*) In June 2019, the Office of Medicaid Inspector General (OMIG) investigated Plaintiff and his business regarding potential "illegal group ride[s]." (*Id.* at 13.) It appears that OMIG either threatened to, or did, withhold funds from Plaintiff during its investigation. (*Id.*) Plaintiff attaches a letter from OMIG Investigator James Flammetta, dated June 4, 2019, stating that OMIG completed a review of Elite 7 and found that it "generally adhered to applicable Medicaid rules and regulations." (*Id.* at 33.)

Plaintiff also describes a number of events that occurred over the last 15 to 20 years that do not appear to relate to each other or this action. He alleges facts regarding his history of

business dealings, his divorce, a brief stay at a mental hospital, and an assault conviction. (*Id.* at 10-22.) Plaintiff also attaches to his complaint legal documents including an order of protection, a power of attorney form, and a receipt from an Amsterdam City Court harassment fine. (*Id.* at 24-34.)

Plaintiff states that his "equal opportunity" rights have been violated and that he is concerned about "wasting federal money as a hardworking taxpayer." (*Id*. at 2.) He asks the Court to "renew [his] provider's license" and to order DOH to change its transport licensing regulations in a variety of ways, including to "[a]llow providers not to post their information on their cars" and "[a]llow enrollees specially treated by (Methodone and sapexen) to choose the company they riding [sic] with." (*Id.* at 22.) Plaintiff requests that the Court issue a summons.

## DISCUSSION

### A.     Claims on behalf of Elite 7

Plaintiff's company, Elite 7, is also listed as a plaintiff in the caption of the complaint, which is signed only by Plaintiff Seifelnasr. Corporations, partnerships and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed *pro se*). Moreover, as a *pro se* litigant, Plaintiff Seifelnasr cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Accordingly, Plaintiff Seifelnasr may not appear *pro se* on behalf of Elite 7.

### B. Rule 8 of the Federal Rules of Civil Procedure

Plaintiff asserts that his "equal opportunity" rights were violated and that he is concerned about "wasting federal money as a hardwork[ing] taxpayer." (ECF No. 2 at 2.) Although Plaintiff alleges a litany of facts, none of those facts, even when construed liberally, suggests that Defendant violated a federal law. Plaintiff alleges that a state entity, OMIG, investigated him for potential fraud and he appears to allege that the investigation disrupted his business, but he does not name OMIG as a defendant, nor does he assert that it violated a federal law. He does not appear to discuss any other interactions with OMIG, DOH, or other Medicaid-related entities. Plaintiff therefore fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Medicaid and DOH

Medicaid is a federal program administered by the states, and DOH is the state agency responsible for administering Medicaid in New York. *See Shakhnes v. Berlin*, 689 F.3d 244, 248 (2d Cir. 2012); N.Y. Soc. Serv. Law § 363-a.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses any claims Plaintiff seeks to assert against DOH as barred by the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v.*

*Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) ("a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").

**D.     Venue**

It also does not appear that venue for Plaintiff's claims would be proper in this Court. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff asserts that the events that are the basis for his claim occurred in Montgomery and Saratoga Counties, both of which are in the Northern District of New York. Plaintiff states he resides in Astoria, Queens, and he provides a Brooklyn address for Defendant, both of which are in the Eastern District of New York. Because Plaintiff does not allege that he or Defendant resides in this District, and because he does not allege facts that suggest that a substantial part of the events underlying his claim arose in this District, even if Plaintiff were able to assert a viable claim, venue does not appear to be proper in this Court.

## LEAVE TO REPLEAD

The Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint

5

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff is proceeding *pro se*, and the nature and viability of his claim are not clear, the Court grants Plaintiff thirty days' leave to replead to allege any facts stating a claim upon which relief may be granted.

If Plaintiff chooses to file an amended complaint, the Court strongly encourages him to seek assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

If Plaintiff chooses to file an amended complaint, he must demonstrate that venue is proper in this District, and that any named Defendants are not immune from suit. Additionally, Plaintiff must also tell this Court who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's claims on behalf of Elite 7 are dismissed.

Plaintiff's claims against the New York State Department of Health are dismissed as barred by the Eleventh Amendment and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii)

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's request for issuance of summons is denied without prejudice to renewal at a later date, should Plaintiff file an amended complaint that states a valid claim for relief.

If Plaintiff chooses to amend his complaint, he must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5512 (MKV). An Amended Complaint form is attached to this order.

If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   August 4, 2020
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

7