```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED SEIFELNASR,

                Plaintiff,

-against-

THE STATE OF NEW YORK and THE OFFICE OF MEDICAID INSPECTOR GENERAL,

                Defendants.

1:20-cv-05512

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff brings this *pro se* action against the State of New York and the Office of Medicaid Inspector General ("OMIG"). Plaintiff initially filed this action against Medicad and the New York State Department of Health. [ECF No. 2]. The Court then entered an Order of Dismissal but permitted Plaintiff to amend his Complaint within 30 days of the Order. [ECF No. 5]. About seven months later, the Plaintiff amended his Complaint [ECF No. 6], and then shortly thereafter submitted additional pages to be considered with the Amended Complaint [ECF No. 7]. Having reviewed the submissions, the Court dismisses this action with prejudice for the reasons set forth below.

## BACKGROUND

      The events giving rise to this action are hard to make out. Plaintiff ran a medical transport business, Elite 7, that was licensed to provide non-emergency transportation to Medicaid recipients. Compl. at 10. OMIG subsequently investigated Plaintiff and his business regarding potential "illegal group ride[s]." Compl. at 13. OMIG apparently withheld funds from Plaintiff during its investigation, which Plaintiff claims caused him to lose his business. Am. Compl. at 7. Plaintiff alleges a host of other facts that relate to his business partner, a stay in a

mental hospital, and an unrelated criminal case, *see generally* Am. Compl. at 4-6, but does not tie these facts to a cause of action relating to "disrupt[ing] [his] business, abusing [] authority, and breaking [] state and federal law."  Am. Compl. at 1.

The Court dismissed his initial Complaint as frivolous and barred by the Eleventh Amendment.  EFC No. 5 at 6-7.  The Court granted Plaintiff the opportunity to file an Amended Complaint within 30 days of the Order of Dismissal, and specifically directed him to demonstrate that venue was proper in this District, and that any named Defendants were not immune from suit.  ECF No. 5 at 5-6.  Plaintiff then apparently experienced a stay at a mental hospital, and filed an Amended Complaint upon his release seven months later.  *See* Am. Compl. at 1.

## DISCUSSION

As the Court explained in its August 4, 2020 Order of Dismissal, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); ECF No. 5 at 4.  "'The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state' [and] New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983."  ECF No. 5 at 4 (quoting *Gollomp*, 568 F.3d at 366.).

Plaintiff's Amended Complaint now names OMIG and the State of New York directly.  Am. Compl. at 1.  OMIG is an office within the Department of Health.  *See* Public Health Law § 31(1); *Matter of New York State Health Facilities Assn., Inc. v. Sheehan*, 953 N.Y.S.2d 712, 715 (App. Div. 2012).  Plaintiff has not established that OMIG or the State of New York has waived

its sovereign immunity under the Eleventh Amendment.  The Court therefore dismisses any claims Plaintiff seeks to assert against OMIG and the State of New York as barred by the Eleventh Amendment and as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) ("a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").

## CONCLUSION

Plaintiff's claims against OMIG and the State of New York are dismissed with prejudice as barred by the Eleventh Amendment and as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i), (iii).  The Clerk of the Court respectfully is directed to mail a copy of this order to Plaintiff and note service on the docket.  The Clerk of the Court also is respectfully requested to close this case.

**SO ORDERED.**

**Date:  August 24, 2021**  
      **New York, NY**

      **MARY KAY VYSKOCIL**  
      **United States District Judge**